IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

**LAURA ANN HAWKINS,**

 Plaintiff,

v.              Civil Action No. 2:16-cv-09131

**NANCY A. BERRYHILL,**
**ACTING COMMISIONER OF SOCIAL SECURITY,**

 Defendant.

## PROPOSED FINDINGS AND RECOMMENDATION

 Pending before this Court is Plaintiff's Memorandum in Support of Judgment on the Pleadings (ECF No. 10), Defendant's Brief in Support of Defendant's Decision (ECF No. 13) and Plaintiff's Reply to Brief in Support of Defendant's Decision (ECF No. 14). This is an action seeking review of the decision of the Commissioner of Social Security denying Claimant's application for disability insurance benefits (DIB) under Title II of the Social Security Act.

### Background

 Claimant, Laura Ann Hawkins, filed an application for DIB on May 2, 2013. Claimant alleged disability beginning February 13, 2012. The claim was denied initially on August 13, 2013, and upon reconsideration on October 28, 2013. Claimant filed a request for hearing on December 6, 2013. A video hearing was held on February 11, 2015. Claimant appeared in Parkersburg, West Virginia, and the Administrative Law Judge presided over the hearing from Charleston, West Virginia. The Administrative Law Judge (ALJ) denied Claimant's applications on March 3, 2015 (Tr. at 11-25). The Appeals Council denied Claimant's request for review on

1

July 28, 2016 (Tr. at 1-5). Subsequently, Claimant brought the present action seeking judicial review of the administrative decision pursuant to 42 U.S.C. § 405(g).

## Standard of Review

Under 42 U.S.C. § 423(d)(5), a claimant for disability has the burden of proving a disability. *See Blalock v. Richardson*, 483 F.2d 773, 774 (4th Cir. 1972). A disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable impairment which can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A).

The Social Security Regulations establish a "sequential evaluation" for the adjudication of disability claims. 20 C.F.R. § 404.1520 (2016). If an individual is found "not disabled" at any step, further inquiry is unnecessary. *Id.* § 404.1520(a). The first inquiry under the sequence is whether a claimant is currently engaged in substantial gainful employment. *Id.* § 404.1520(b). If the claimant is not, the second inquiry is whether claimant suffers from a severe impairment. *Id.* § 404.1520(c). If a severe impairment is present, the third inquiry is whether such impairment meets or equals any of the impairments listed in Appendix 1 to Subpart P of the Administrative Regulations No. 4. *Id.* § 404.1520(d). If it does, the claimant is found disabled and awarded benefits. *Id.* If it does not, the fourth inquiry is whether the claimant's impairments prevent the performance of past relevant work. *Id.* § 404.1520(e). By satisfying inquiry four, the claimant establishes a *prima facie* case of disability. *Hall v. Harris,* 658 F.2d 260, 264 (4th Cir. 1981). The burden then shifts to the Commissioner, *McLain v. Schweiker*, 715 F.2d 866, 868-69 (4th Cir. 1983), and leads to the fifth and final inquiry: whether the claimant is able to perform other forms of substantial gainful activity, considering claimant's remaining physical and mental capacities and claimant's age, education and prior work experience. 20 C.F.R. § 404.1520(f) (2016). The

Commissioner must show two things: (1) that the claimant, considering claimant's age, education, work experience, skills and physical shortcomings, has the capacity to perform an alternative job, and (2) that this specific job exists in the national economy. *McLamore v. Weinberger*, 538 F.2d 572, 574 (4th Cir. 1976).

In this particular case, the ALJ determined that Claimant satisfied the first inquiry because she has not engaged in substantial gainful activity since the alleged onset date of February 13, 2012, and meets the insured status requirements of the Social Security Act through June 30, 2017 (Tr. at 13). Under the second inquiry, the ALJ found that Claimant suffers from the severe impairments: degenerative disc disease of the lumbar and cervical spine; bilateral hip bursitis; diabetes; migraines; and obesity. (*Id.*) At the third inquiry, the ALJ concluded that Claimant did not have an impairment or combination of impairments that met or medically equaled the level of severity of any listing in Appendix 1. The ALJ then found that Claimant has a residual functional capacity to perform light work with limitations (Tr. at 17). The ALJ found Claimant would have the following limitations: Claimant can only occasionally perform all postural activities. The claimant is limited to occasional overhead reaching. She can frequently push and pull within the weight restrictions of light work. The claimant must have no exposure to loud industrial type background noise. She must avoid concentrated exposure to dusts, fumes, gases, poor ventilation, noxious odors or other lung irritants. The claimant must have no direct exposure to vibrations. (*Id.*) The ALJ found that Claimant is able to perform as a cashier, fast-food worker and customer service-cashier I/head cashier (Tr. at 24). On this basis, Claimant's application was denied (Tr. at 25).

### Scope of Review

The sole issue before this court is whether the final decision of the Commissioner denying the claim is supported by substantial evidence. In *Blalock v. Richardson*, substantial evidence was defined as:

> [E]vidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is "substantial evidence."

*Blalock v. Richardson*, 483 F.2d 773, 776 (4th Cir. 1972) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). Additionally, the Commissioner, not the court, is charged with resolving conflicts in the evidence. *Hays v. Sullivan,* 907 F.2d 1453, 1456 (4th Cir. 1990). Nevertheless, the courts "must not abdicate their traditional functions; they cannot escape their duty to scrutinize the record as a whole to determine whether the conclusions reached are rational." *Oppenheim v. Finch*, 495 F.2d 396, 397 (4th Cir. 1974).

A careful review of the record reveals the decision of the Commissioner in this case is not supported by substantial evidence.

### Claimant's Background

Claimant was born on June 24, 1968 (Tr. at 38). She graduated from high school. (*Id.*) On the date of the hearing, Claimant lived with her 20 year old son and her partner.

### Medical Record

The court has reviewed all evidence of record, including the medical evidence of record, and will discuss it further below as necessary.

Claimant's Challenges to the Commissioner's Decision

Claimant asserts that the ALJ failed to complete a full and fair analysis of the medical evidence before finding Claimant's urinary incontinence was not a severe impairment (ECF No. 10). Claimant argues that the ALJ's pain analysis and credibility findings were not in compliance with regulatory and case law. Additionally, Claimant asserts that substantial evidence supports the ALJ's Assessment of Claimant's subjective complaints. (*Id.*) In response, Defendant avers that substantial evidence standard of review is highly deferential to the Commissioner's decision (ECF No. 13).

Discussion

Although Claimant's arguments mainly focus on the ALJ's finding that Claimant's impairment of urinary incontinence was not severe, this Court's review extends beyond that one focus and involves determining whether the decision is supported by "substantial evidence." 42 U.S.C. §§ 405(g);1383(c)(3). The ALJ's decision must be upheld if it is supported by substantial evidence. *Id.* §§ 405(g); 1383(c)(3). "Substantial evidence" is "more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is not a "large or considerable amount of evidence, but rather 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Pierce v. Underwood*, 487 U.S. 552, 664-65 (1988) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *see also Richardson v. Perales*, 402 U.S. 389, 401 (1971). The decision before the Court is "not whether the Claimant is disabled, but whether the ALJ's finding of no disability is supported by substantial evidence." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (citing *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 2001)).

An ALJ's findings "as to any fact, if supported by substantial evidence, shall be conclusive." *Walls v. Barnhart*, 296 F. 3d 287, 290 (4th Cir. 2002) (quoting 42 U.S.C. § 405(g)). Moreover, judicial review "of a final decision regarding disability benefits is limited to determining whether the findings are supported by substantial evidence and whether the correct law was applied." *Id.* (citing *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *Preston v. Heckler*, 769 F.2d 988, 990 (4th Cir. 1985)). In reviewing the case to determine whether substantial evidence exists, this Court should not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of" the agency. *Id. (quoting Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001)).

To meet a listing impairment, medical records must demonstrate a specific level of severity. If you meet a listing, you will be found disabled. Your condition must be severe and meet specific criteria developed by the SSA. Some conditions are not specially listed by the SSA, but you may still have a condition so severe that it "equals" a condition contemplated by the SSA rules.

When reviewing the ALJ's decision in light of Claimant's argument that the ALJ's decision should provide a sufficient explanation for his findings and decision, the undersigned reviewed the ALJ's determinations on the severity of Claimant's urinary incontinence as well as all the ALJ's determinations on the severe impairments listed in step two of the sequential evaluation (Tr. at 13). The severe impairments were evaluated under listings 1.04, 1.02A, and 11.03.

The ALJ evaluated Claimant's migraines under Section 11.03 of the Listings finding that Claimant's migraines do not meet or equal the criteria of the listing criteria because there is no evidence they occur with the frequency or intensity required by the listing in spite of at least three months of prescribed treatment. But this begs the question, what is the frequency or intensity required by the listing? A reviewing court must be informed of the listing requirements and how

the facts satisfy or do not satisfy the criteria. The ALJ failed to identify why he did not determine Claimant's migraines met or equaled the listing.

Accordingly, the undersigned respectfully recommends that the District Judge remand this matter for further consideration and explanation under step 3 of the sequential evaluation. This Court makes no recommendation as to Claimant's remaining arguments as those issues may be addressed on remand.

For the reasons set forth above, it is hereby respectfully **RECOMMENDED** that the presiding District Judge **GRANT** the Plaintiff's Memorandum in Support of Judgment on the Pleadings (ECF No. 10) to the extent Plaintiff seeks remand, **DENY** the Defendant's Brief in Support of Defendant's Decision (ECF No. 13), **REVERSE** the final decision of the Commissioner, and **REMAND** this case for further proceedings pursuant to the fourth sentence of 42 U.S.C. § 405(g) and **DISMISS** this matter from the court's docket.

The parties are notified that this Proposed Findings and Recommendation is hereby FILED, and a copy will be submitted to the Honorable Joseph R. Goodwin. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have three days (mailing/service) and then fourteen days (filing of objections) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140, 155

(1985); *Wright v. Collins*, 766 F.2d 841, 846 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, Judge Goodwin and this Magistrate Judge.

  The Clerk is directed to file this Proposed Findings and Recommendation and to transmit a copy of the same to counsel of record.

  Enter:  March 2, 2018

_____<br>
Dwane L. Tinsley<br>
United States Magistrate Judge